| STATE OF INDIANA | ) | | IN THE ELKHART SUPERIOR COURT |
|---|---|---|---|
| | ) | SS: | |
| COUNTY OF ELKHART | ) | | CAUSE NO._____ |

KAYLENE PETERSCHEIM,      )
                          )
      Plaintiff,      )
                          )
v.                        )
                          )
FOREST RIVER              )
MANUFACTURING, LLC,       )
                          )
      Defendant.      )

## COMPLAINT

Plaintiff alleges against Defendant that:

1. The Plaintiff, Kaylene Peterscheim, filed a Charge of Discrimination (No. 470-2020-00399) with the EEOC on or about October 31, 2019 (Exhibit "A", attached hereto, made a part hereof and incorporated herein), and Plaintiff received a Notice of Right to Sue from the EEOC on January 28, 2020 (Exhibit "B"), and this Complaint has been filed within ninety (90) days after receipt thereof.

2. Defendant Forest River Manufacturing, LLC is a corporation authorized to due business in the State of Indiana, and does so in Elkhart Indiana. Defendant is believed to employ 200 or more individuals throughout each week of the current and preceding calendar years, and is an "employer" for purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").

3. Plaintiff contends that she was sexually harassed and discriminated against because of her sex and that she was retaliated against for reporting sexual harassment, all as set

–1–

forth in her EEOC Charge of Discrimination attached as Exhibit "A".

4. Plaintiff was hired by Defendant on or about July 17, 2017 and worked through the date of her termination on Jun 14, 2019.

5. Plaintiff injured herself on the job on January 15, 2019.  She reported the work-related injury, but was told by her Supervisor that "it was all in her head."  Plaintiff filed an injury report and was seen by the Worker's Compensation doctor.  Plaintiff was told to return to work with restrictions, but Plaintiff's supervisor told her that he would not accommodate her light duty work.  Plaintiff continued to suffer extreme pain, but was refused X-rays or medication to obtain relief from the pain.  Plaintiff was then seen by the Worker's Compensation doctor again resulting in Plaintiff being placed on light duty.  Plaintiff contends that she was terminated (in addition to other illegal reasons) for being injured on the job and obtaining Worker's Compensation medical care, all in violation of the tort laws and public policies of the State of Indiana which prohibit retaliation for utilizing Worker's Compensation benefits.

6. Plaintiff also contends that she was entitled to medical leave under the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*. ("FMLA").  Defendant was obligated to provide medical leave under the FMLA, including the appropriate FMLA paperwork.  Plaintiff was denied substantive benefits under the FMLA, her job was interfered with, and she suffered a retaliatory discharge, because of having a serious health condition and requesting time off of work, which obligated Defendant to provide her medical leave under the FMLA.

7. Defendant acted intentionally and in reckless disregard of Plaintiff's federally protected

civil rights under Title VII and the FMLA, and acted recklessly by terminating Plaintiff out of retaliation for suffering a work-related injury and utilizing Worker's Compensation benefits.  Therefore, Plaintiff is entitled to compensatory damages, liquidated damages, punitive damages and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, liquidated damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:    (260) 424-0600
Facsimile:     (260) 424-0712
E-mail:         cmyers@myers-law.com
Counsel for Plaintiff

OCT/31/2019/THU 10:31 AM       FAX No.       P. 004

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 470-2020-00399 |

Equal Employment Opportunity Commission

State or local Agency, if any                                                                 and EEOC

**Name** (Indicate Mr., Ms., Mrs.): Kaylene J. Petersheim
**Home Phone** (Incl. Area Code): 574-370-4422
**Date of Birth**:

**Street Address / City, State and ZIP Code**: 885 W 590 South, Wolcottville IN 46795

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**: Forest River Manufacturing LLC
**No. Employees, Members**: 25+
**Phone No.**: (317) 426-1139

**Street Address / City, State and ZIP Code**: Registered Agent: Joseph Greenlee, 900 CR 1 N, Elkhart IN 46514

**DISCRIMINATION BASED ON** (Check appropriate box(es).)
Hostile Work Environment

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☒ Worker's compensation (Frampton)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: January 2019    Latest: June 2019

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

1. Complainant, Kaylene Petersheim, alleges that she was sexually harassed and made to work in a hostile work environment, was required to return to work and to work directly with her harasser, supervisor Jess Wingard and was then retaliated against for opposing sexual harassment and reporting sexual harassment, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 e et. seq. ("Title VII"). On or about the week of May 22, 2019 Jess Wingard made inappropriate comments to the complainant commenting on her physical attractiveness, commenting on her "big ass". He then asked the Complainant if she was going to "turn him in to HR" for what he said. When she complained to plant management – she was told by Myron Swartz and JR Troyer that she had to take it up directly with Jess Wingard, her supervisor and the harasser.

2. In addition, Complainant had previously injured herself on the job on January 15, 2019, and when she reported the work injury she was initially told "it was all in her head", and that she should just "keep going" by her supervisor, Jess Wingard. Complainant filed a report of the injury and was seen by the Worker's Compensation doctor. The Complainant was told to return to work with restrictions, but the supervisor, Jess Wingard told her he would not put her on light duty if the doc told her she could work a full shift. Complainant continued to suffer with extreme headache pain, and was refused x-rays or medication to relief the pain. A return to the Worker's compensation doctor resulted in Complainant being put on light duty, to which her supervisor Jess Wingard responded by telling her he was pissed because she threw him under the bus to get the 'light duty' when he had refused it.

Continued on Page 2

Ex. A

3. Complainant learned that Jess was going throughout the plant, discussing her workers compensation injury, and telling other workers that it was "all in her head" and that "she was just being dramatic." At a management meeting on February 14, 2019, with Jr Troyer, and Myron Swartz present, Jess Wingard again was derisive, insisting that her neck, tension headache and other issues were "all in her head" and came from something other than work, and that he wanted to replace her. Myron Swartz approached the complainant and told her he would figure something out for her after her light duty was done. The Complainant was harassed and retaliated against for utilizing Worker's compensation for a legitimate work place injury and humiliated on the job in retaliation for seeking medical relief for her on-the-job injury.

4. On or about June 2019 the Complainant began to hemorrhage while on the job, but she managed to work through the day, and then took a note to work from her doctor the following day, stating that she should not be at work. Jess Wingard merely looked at the note and walked away. Complainant made numerous calls to the plant and to HR trying to find out about leave, and being off work. She received no assistance. Sometime on or about June 16, 2019 the complainant was terminated, but was unable to verify this until on or about July 15, 2019 despite repeated calls to HR.

5. There has been an ongoing pattern and practice of harassment and retaliation in violation of Title VII, and violation of worker's compensation laws and failure to provide FMLA type leave for a legitimate medical condition supported by a doctor's note/recommendation that the Complainant be off work. The Respondent failed to engage with the Complainant or to provide Complainant FMLA paperwork to be completed for her medical condition.

6. Respondent's actions were intentional, knowing, willful, wanton, and in reckless disregard of the Complainant's rights under the laws and public policies of the State of Indiana as addressed by the Indiana Workers Compensation Act, FMLA, as well as Title VII, and the actions of the Respondent are in violation of the tort laws and public policies of the State of Indiana prohibiting employers from retaliating and discharging employees for complaining of harassment, or becoming injured on-the-job and/or asserting the right to worker's compensation benefits.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

10·31·19
Date

Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

10-31-19

LORI KAY KOLB
Seal
Notary Public - State of Indiana
Allen County
My Commission Expires Dec 20, 2024

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Kaylene J. Peterscheim<br>885 West 590 South<br>Wolcottville, IN 46795 | From: | Indianapolis District Office<br>101 West Ohio Street<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2020-00399 | Frederick J. BruBaker,<br>Enforcement Supervisor | (463) 999-1148 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____     JAN 28 2020
Michelle Eisele,            *(Date Mailed)*
District Director

Enclosures(s)

cc:
David Besinger            Christopher C. Myers
Director - Human Resources     Christopher C. Myers and Associates
Forest River, Inc.           809 S. Calhoun Street, Suite 400
PO Box 3030             Fort Wayne, IN 46802
Elkhart, IN 46515

Ex. B